### Fletcher and Rice *vs.* Joseph Crooker *et al.*

The liability of an officer, for having neglected to levy an execution, confers no interest in the judgment debt, nor any right to control or discharge it. Therefore the proof of such liability alone is not admissible in support of a plea alleging that the officer was interested in the demand.

Nor is it a ground for reversing a judgment of the county court on exceptions, that they rejected evidence offered to prove, in support of such plea, that the officer had procured a second judgment to be recovered against the debtor, and a new execution to be issued ; since it does not necessarily result from this that he acquired any interest in the debt, or even made any disbursements.

Debt on jail bond. The only ground of defence brought to the notice of this court is stated in the following plea in bar :

And for further plea, by like leave of the court, defendants say, that they ought not to be charged with the said supposed debt, because they say that the said Crooker was never legally committed to jail as in plaintiff's declaration is alleged, in this, that the said alleged commitment was made by one Jairus Josselyn, as deputy sheriff, who at the time of said commitment, and of the date of rendering said judgment, was interested in the whole amount of said supposed judgment and execution, and had no authority by law to execute the same, and that said execution should have been directed to and executed by some indifferent officer of said county, and this they are ready to verify, wherefore they pray judgment whether they ought to be charged with the said debt, by virtue of the said supposed writing obligatory.

The plea was traversed, and issue joined therein.

At the trial the defendants offered to prove, in support of the plea aforesaid,—" that the commitment alleged in the plaintiff's declaration was made by one Jairus Josselyn, as deputy sheriff, and that said Josselyn, previously to the rendition of the judgment set forth, had become liable to the plaintiffs for this debt, by reason of

WINDSOR,
February,
1836.

Fletcher et al.
vs.
Crooker.

a neglect to levy an execution for the same ; and had procured the suit to be instituted in which the judgment was had, and the execution issued as set forth in the declaration, in the names of the plaintiffs, but for his own indemnity." The evidence being objected to as irrelevant was rejected by the court below; and verdict and judgment having passed for the plaintiffs, the cause was brought here on exceptions to the decision excluding the evidence aforesaid.

After argument by *E. Hutchinson* for the defendants, and by *O. P. Chandler* for the plaintiffs, the opinion of the court was delivered by

ROYCE, J.—The plea alleges an interest in the judgment and execution to their full amount ; which is equivalent to an allegation that Josselyn owned the judgment. Perhaps the defendants were not bound to prove an interest in him commensurate with this averment, but they were certainly required by the plea to show, that to a greater or less extent he had a legal interest in the demand. His liability to the creditors, for neglect on a previous execution, was altogether collateral to the debt, conferring no interest in it, nor any right to control or discharge it. He doubtless felt an interest that the judgment should be paid, or in some way satisfied or extinguished, by the debtor ; as in that event his own liability for neglect would cease. But if such a collateral interest could affect the legal capacity of the officer to act in the future collection of the debt, (which for one I am not prepared to admit,) still, it is not the interest which the plea alleges. That alleges an interest in the judgment itself, and not a mere liability incidental or collateral to it.

The defendants offered further to show, that Josselyn, for his own indemnity, procured a second judgment to be recovered in the creditors' names, and the execution to be issued under which he made the commitment. And it is urged, as a necessary intendment from this, that the second judgment was procured at his expense, and that he was consequently interested in it, at least to the amount of the last bill of costs. It is to be remembered, however, that these exceptions stand in the place of a writ of error. We have to judge of the evidence as it was offered, without the privilege of adding to, or detracting from it. There was no offer to prove any assignment of the demand to Josselyn, or any contract with the creditors, by which he bound himself to prosecute and collect it. And although it is to be understood that he was instrumental in instituting a fresh suit against the debtor, and ob-

WINDSOR,
February,
1836
Fletcher et al.
vs.
Crooker.

taining a second judgment, yet we are not required to suppose that he gained any lien upon the judgment by making disbursements, for no such fact was stated. The manner of his interference is. left to conjecture. He might, indeed, have conducted the second suit at his own expence by licence of the creditors, but he might also have influenced the creditors by mere entreaty and persuasion, to pursue the debtor, instead of prosecuting him for neglect.

As the evidence offered had no certain tendency to establish any interest of Josselyn in the judgment or execution, it was properly rejected.          Judgment of county court affirmed.